## A. C. MIDDELSTADT v. CITY OF MINNEAPOLIS.[1]

November 12, 1920.

No. 21,946.

**Lien of attorney — election of remedy.**

Where an attorney has a lien for his services upon a cause of action under section 4955, G. S. 1913, and the action is settled by the parties before trial, the attorney may elect to enforce his lien rights by an independent action against the defendant, or by intervention in the original action. Where the latter procedure is pursued and a full hearing had, it is final, and the attorney cannot thereafter resort to an independent action.

Action in the district court for Hennepin county to recover $300 as attorney fees in a personal injury action which defendant settled with plaintiff's client without his knowledge. The case was tried before Molyneaux, J., who made findings and as conclusions of law found that plaintiff was not entitled to recover any sum from defendant city and was not entitled to a lien upon the cause of action; that defendant was entitled to the order and judgment of court that the action be dismissed. From an order denying his motion to amend the findings or for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 179 N. W. 890.

*A. C. Middelstadt* and *Thompson, Hessian & Fletcher,* for appellant.

*C. D. Gould,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

QUINN, J.

In April, 1911, Helene Hahn brought an action to recover damages for personal injuries, against the Minneapolis Railway Company and the city of Minneapolis as defendants, the plaintiff herein acting as her attorney therein. Attached to the summons and complaint was a notice that the attorney claimed an attorney's lien upon the cause of action. On June 12, 1911, the plaintiff in person settled the cause of action for $900, the defendants each paying $450, and plaintiff executed a release dismissing the action. Two days later the appellant herein executed a release to the street railway company, discharging it from liability on account of any attorney's lien. In February, 1913, appellant served a notice of motion upon the city, asking for an order vacating the settlement, reinstating the action, and fixing the amount of his attorney fees at $300. The motion was fully submitted upon the summons and complaint, affidavit of the attorney and certain affidavits filed by the city. The motion was in all things denied.

In disposing of the motion the trial court attached a memorandum to its order in which it is stated, that it very clearly appears that the attorney knew of the dismissal of the action and of the settlement, if not prior to the time it was made, at least within a day or two thereafter; that the instrument executed by the attorney releasing the street railway company from attorney's lien was understood by the parties to be a release as to both defendants; that the attorney had renounced repeatedly any claim for services rendered therein, and for these reasons the settlement should not be set aside.

In February, 1917, appellant brought the present action to enforce the lien theretofore referred to, against the city alone, which was tried in January, 1920, the trial court holding that the order in the former action was a final determination of the matter. From an order denying his motion for judgment, or for a new trial, plaintiff appealed.

We think the trial court was right. By section 4955, G. S. 1913, an attorney is given a lien for his services, and where the action is settled by

the parties, without the consent of the attorney, he may proceed by intervening in the original action, or bring an independent action to enforce his lien. Either procedure is adequate, affords all parties an opportunity to be heard, with the same results in each. Davis v. Great Northern Ry. Co. 128 Minn. 354, 151 N. W. 128. It clearly appears that the matter was fully presented and considered in the proceedings in the former action, which must be held to be a final determination of the matter involved.

We find no reversible error in the rulings continuing the case upon the calendar, nor upon the admissibility of evidence.

Affirmed.