FIRST BANK NATIONAL ASSOCIATION, f/k/a First National Bank of Minneapolis, Respondent,

and

Larkin, Hoffman, Daly & Lindgren, Ltd., intervenor, Appellant,

v.

NORTHSIDE MERCURY SALES & SERVICE, INC., et al., Respondents.

No. C9–90–323.

Court of Appeals of Minnesota.

July 31, 1990.

Review Denied Sept. 28, 1990.

John C. Thomas, Darwin J. Lookingbill, Shannon M. O'Toole, Oppenheimer Wolff & Donnelly, Minneapolis, for First Bank Nat. Ass'n, f/k/a First National Bank of Minneapolis.

Jon S. Swierzewski, Sharon L. Brenna, Larkin, Hoffman, Daly & Lindgren, Bloomington, for Larkin, Hoffman, Daly & Lindgren, Ltd.

Benjamin S. Houge, Minneapolis, for Northside Mercury Sales & Service, Inc., et al.

## OPINION

FOLEY, Judge.

Larkin, Hoffman, Daly & Lindgren, Ltd. appeals from the district court's grant of summary judgment for respondent First Bank National Association, f/k/a First National Bank of Minneapolis, finding that First Bank's prior security interest and

garnishment lien on respondent Northside Mercury Sales & Service, Inc. were superior to Larkin, Hoffman's attorneys' lien on the proceeds of a judgment arising out of a tort action for Northside against Ford Motor Company. We affirm.

## FACTS

First Bank loaned money to Northside and perfected a security interest on all of Northside's inventory, equipment, accounts, instruments, chattel paper, other rights to payment and general intangibles on August 27, 1986.

When Northside defaulted on its debt to First Bank, First Bank obtained a judgment against Northside in the amount of $316,062.88 on September 22, 1988.

In February 1984, the Larkin, Hoffman law firm represented Northside and respondents Alton C. and Steven E. Ellingson in a federal court action against Ford Motor Company. In September 1987, a jury awarded Northside $270,000 from Ford for tortious interference with contractual relations. The trial court reduced the award to $185,000. The Eighth Circuit Court of Appeals affirmed the lower court's decision on April 3, 1989. *See Northside Mercury Sales & Service, Inc. v. Ford Motor Co.,* 871 F.2d 758 (8th Cir.1989).

On April 7, 1989, First Bank served Ford with a garnishment summons in state court to obtain the money Ford owed Northside, alleging the judgment was subject to First Bank's security interest. On April 10, 1989, Larkin, Hoffman filed two notices of attorneys' lien against Northside and the Ellingsons in the amount of $638,888.57.

Larkin, Hoffman then intervened in First Bank's original suit against Northside and the Ellingsons to challenge First Bank's garnishment of the Ford judgment. The trial court granted First Bank's motion for summary judgment on the proceeds of the Ford judgment, holding that First Bank perfected its security interest prior to Larkin, Hoffman. Larkin, Hoffman moved for amended findings and conclusions and appeals from the court's order denying that motion.

The money from the Ford judgment is currently being held by the Hennepin County District Court Administrator pending the outcome of this case.

·During the course of the initial Ford litigation in federal court, Larkin, Hoffman received two notes and mortgages on rental property to secure its fees in representing Northside and the Ellingsons. Larkin, Hoffman foreclosed on the second mortgage and received approximately $261,000 as a result. Larkin, Hoffman then began foreclosure proceedings on the first mortgage.

Northside and the Ellingsons then sued Larkin, Hoffman to enjoin it from foreclosing on the first mortgage, claiming breach of contract, legal malpractice and breach of ethical duties. The trial court enjoined the foreclosure proceedings on the first mortgage pending the outcome of Northside's suit against Larkin, Hoffman. There was no redemption from the foreclosure of the second mortgage.

## ISSUE

May a law firm challenge a trial court's determination on the priority of liens against a judgment when the law firm's statutory attorneys' lien on that judgment has been fully satisfied by foreclosure of a second mortgage and merger of a first mortgage, both given to secure its attorney fees?

## ANALYSIS

First Bank argues that intervenor Larkin, Hoffman lacks standing to bring this appeal because its lien for attorney fees from the Ford litigation has already been satisfied. We agree.

Under Minnesota statutes, an attorneys' lien on a client's cause of action continues until it is discharged or satisfied. *Byram v. Miner,* 47 F.2d 112, 115 (8th Cir.1931), *cert. denied,* 283 U.S. 854, 51 S.Ct. 648, 75 L.Ed. 1461 (1931). Minn.Stat. § 481.13 (1988) provides that attorneys' liens

may be established, and the amount thereof determined, by the court, sum-

marily, in the action or proceeding, on the application of the lien claimant or of any person or party interested in the property subject to such lien * * *.

Alternatively, the lien may be established in a separate equitable enforcement action. *Boline v. Doty*, 345 N.W.2d 285, 289 (Minn. App.1984).

In this case, Larkin, Hoffman is attempting to establish its lien by intervening in an action by a third party (First Bank) seeking to enforce its interest in the proceeds of a judgment. The amount of Larkin, Hoffman's attorneys' lien could have been determined in this proceeding. The trial court, however, only determined that First Bank's lien was prior to Larkin, Hoffman's attorneys' lien and did not address the amount of Larkin, Hoffman's lien or whether that lien had been satisfied. For the reasons expressed in this opinion, it is unnecessary for this court to remand to the trial court to make any such determination.

The trial court's findings of fact state that Larkin, Hoffman took two mortgages on some of the Ellingsons' property to secure its attorney fees. Larkin, Hoffman foreclosed on its second mortgage for $275,000 but still has a first mortgage of $425,000. This court recognized the foreclosure on the second mortgage in *Ellingson v. Larkin, Hoffman, Daly & Lindgren*, No. CX-90-329, 1990 WL 84661 (Minn.App. June 26, 1990).

In that case the Ellingsons instituted an action against Larkin, Hoffman alleging malpractice and fraud in connection with the Ford lawsuit. The trial court granted the Ellingsons' request to enjoin Larkin, Hoffman's foreclosure on the first mortgage pending the outcome of the lawsuit. The trial court subsequently ordered that, regardless of the fact that the redemption period had expired on the foreclosure of the second mortgage, the Ellingsons were entitled to collect rents on the mortgaged property until trial on the malpractice claims. This court reversed, holding that "it was error for the trial court to impose any immediate conditions on the mortgagee's title and possessory rights." *Id.*

■ Where the holder of first and second mortgages, executed by the same mortgagor and covering the same real estate, forecloses on the second mortgage and acquires title in fee, the lien of the first mortgage is merged in the fee. The debt secured by the first mortgage is thereby discharged where it does not appear that there was an intention to prevent such a merger. *Mulligan v. Farmers National Bank*, 194 Minn. 451, 456–57, 260 N.W. 630, 632 (1935).

■ A court may deny a request for an attorneys' lien after determining that the amount the client has already paid is sufficient compensation for legal services rendered. *Roehrdanz v. Schlink*, 368 N.W.2d 409, 412 (Minn.App.1985).

In *Roehrdanz*, an attorney brought a petition to establish an attorneys' lien on nonhomestead property involved in the client's divorce. The referee denied the attorney's request for a lien, finding that the fees already paid by the client were sufficient compensation for the legal services rendered. The district court affirmed the referee's finding and the attorney appealed. This court determined that the trial court had the power to determine whether the amount the client had already paid was sufficient compensation for legal services rendered and to deny the petition for an attorneys' lien. *Id.* at 412.

In 1920, the Minnesota Supreme Court held that when an attorney has a lien for services upon a cause of action under statute, the attorney may elect to enforce lien rights by an independent action against the defendant or by intervention in the original action. *Middelstadt v. City of Minneapolis*, 147 Minn. 186, 179 N.W. 890 (1920). In *Middelstadt*, the attorney proceeded by intervention in the original action. The supreme court held that the attorney could not thereafter resort to an independent action to recover attorney fees.

■ We likewise hold that where, as here, an attorney has elected to enforce lien rights by foreclosing on mortgages held as security for the attorney fees and thereby obtains title in fee in that property,

the attorney may not attempt to enforce the statutory lien against the judgment.

The doctrine of election of remedies applies when a party adopts two or more inconsistent remedies and is designed to prevent double redress for a single wrong. *Covington v. Pritchett,* 428 N.W.2d 121, 124 (Minn.App.1988). A party is bound by an election of remedies when he has pursued a chosen course of action to a determinative conclusion or has procured an advantage therefrom. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 422, 65 N.W.2d 641, 645 (1954).

Larkin, Hoffman has proceeded on two inconsistent remedies. First, it elected to foreclose on the mortgages which secured its attorney fees. Second, it then attempted to enforce its attorneys' lien on the judgment. Since this court decided in *Ellingson* the foreclosure of the second mortgage was legitimate and the property was not redeemed, that remedy has reached a determinative conclusion. Larkin, Hoffman has foreclosed on a second mortgage worth $275,000. Larkin, Hoffman's first mortgage of $425,000 on the property is extinguished due to the doctrine of merger. Therefore, it has essentially received $700,-000 to satisfy its attorney fees.

Larkin, Hoffman claims the amount owed to it for attorney fees by Northside is $638,888.57 plus interest. While the trial court did not make a determination regarding the amount of the attorneys' lien, it is conceded the value of the property foreclosed upon and merged exceeds the amount of fees claimed by Larkin, Hoffman. Therefore, the lien has been fully satisfied.

Since Larkin, Hoffman's attorneys' lien on the Ford judgment has been satisfied, Larkin, Hoffman has no standing to challenge the trial court's decision regarding distribution of the Ford judgment funds. At oral argument, the Ellingsons conceded that if Larkin, Hoffman is not entitled to recover on its attorneys' lien, the funds from the Ford judgment should go to First Bank. We, therefore, decline to address the issue whether First Bank is entitled to the proceeds of the Ford judgment because it represents proceeds from a tort claim rather than contract.

The motion of First Bank to strike that portion of Northside and the Ellingsons' brief and appendix seeking a reversal of the trial court's summary judgment in favor of First Bank is granted. This court lacks jurisdiction to entertain that issue because Northside and the Ellingsons have not timely appealed the summary judgment. The motion of Larkin, Hoffman to strike the brief of Northside and the Ellingsons because it relies on matters outside of the record and engages in a personal attack upon the attorneys for Larkin, Hoffman is granted. The brief played no part in the consideration or decision of this case.

### DECISION

Larkin, Hoffman's lien for attorneys' fees from the Ford litigation has been satisfied by Larkin, Hoffman's foreclosure and extinguishment of two mortgages held as security for its fees, where the amount of the mortgages totals more than the fees claimed. Therefore, Larkin, Hoffman has no standing to challenge the trial court's distribution of the Ford judgment proceeds.

Affirmed.