**Everett TAYLOR, et ux., Appellant,**

v.

**Wayne SEAMAN, et ux., Respondent.**

**No. WD 52078.**

Missouri Court of Appeals,
Western District.

Nov. 5, 1996.

---

Charles R. Willis, St. Louis, for Appellant.

William G. Phillips, St. Louis, for Respondent.

Before LOWENSTEIN, P.J., and ULRICH, C.J., and EDWIN H. SMITH, J.

EDWIN H. SMITH, Judge.

This is an appeal from an order dismissing Everett and Brenda Taylor's (hereinafter appellants) petition for attorney's fees and damages that stem from an alleged breach of a real estate contract with Wayne and Shirley Seaman (hereinafter respondents). Appellants assert on appeal that the trial court erred in dismissing their petition based on the "Doctrine of Merger". We agree on procedural grounds and reverse and remand.

## FACTS

On September 19, 1994, appellants and respondents entered into a written contract for the sale of approximately 360 acres of land in Sullivan County. The contract provided for the closing to take place on December 15, 1994, or within seven days after respondents had cured title objections. It also included language providing that if the title could not be made marketable, appellants' earnest money would be refunded.

By January 15, 1995, the closing had not yet occurred. Respondents delayed the closing date in an attempt to clear the property title from a lien held by Donna Badger Ballenberger (hereinafter Ballenberger). Appellants filed a petition against respondents for breach of contract and specific performance in Count I and against Ballenberger to quiet title in Count II. Against both respondents and Ballenberger, appellants also alleged special damages of $25,000.00, resulting from a tax obligation created by respondents' failure to timely close, and general damages, court costs and attorney's fees in the amount of $10,620.00.

Respondents conveyed the property by general warranty deed to appellants on April 5, 1995, and filed a motion for summary judgment shortly thereafter. Appellants filed an amended petition dropping the specific performance portion of Count I. They contend that at this time, they did not discuss with respondents the possibility of waiving their cause of action or claim for damages. Respondents filed a motion to dismiss or, in the alternative, to strike the remainder of Count I. The appellants were not present when the trial court held a hearing on the respondents' motion to dismiss on July 5, 1995. The court dismissed the appellants' petition on July 25, 1995, basing its dismissal upon the execution and delivery of the deed, which the court found implicated the "Doctrine of Merger". On November 8, 1995, the trial court entered a default judgment against Ballenberger.

## STANDARD OF REVIEW

In reviewing a trial court's dismissal of a petition for failure to state a cause of action under Rule 55.27(a)(6), we will sustain the dismissal if any grounds for it exist, regardless of whether the trial court relied upon those grounds. *Moore v. Campbell*, 904 S.W.2d 378, 380 (Mo.App.1995), cert. denied —— U.S. ——, 116 S.Ct. 782, 133 L.Ed.2d 732 (1995). Further,

[w]e accord the allegations in the petition every fair and reasonable intendment and, if the averments state a claim calling for invocation of substantive law principles which entitle plaintiff to relief, we will reverse the dismissal of the petition.

*Id.*

## I.

Appellants contend in their sole point on appeal that the trial court erred in applying the doctrine of merger and dismissing their petition against the respondents for damages, costs and attorney's fees as a result of a breach of their real estate contract. We agree on procedural grounds.

In their motion to dismiss, respondents did not specify their grounds for dismissal. However, from the court's order sustaining respondents' motion and the briefs of the parties, it is clear that the court did so in reliance on the doctrine of merger. This doctrine holds that when parties have performed their respective obligations of delivery and acceptance of a deed, and title to the property passes, the contractual obligations of the parties are discharged and merged into the deed. *Boatmen's Nat'l Bank of St. Louis v. Dandy*, 804 S.W.2d 783, 786 (Mo. App.1990). By definition, the application of this doctrine requires the court to find the execution and delivery of a deed. A review of the pleadings in this case does not reveal the necessary execution and delivery of a deed. We note that before submitting their motion for dismissal, respondents moved for summary judgment and attached a copy of the executed general warranty deed with their suggestions for dismissal. However, the photocopied deed was not verified or certified in any fashion and cannot be considered adequate support for a motion for summary judgment under Rule 74.04.[1] Further, although appellants' amended pleadings stated that the appellants did eventually come into possession of the property, the trial court could not properly construe this statement as an admission of the existence of the deed. Thus, the executed deed cannot be considered within the scope of the pleadings, and in sustaining the respondents' motion on the basis of the doctrine of merger, the court

---

1. Rule 74.04(c)(1) states:

    Motions for summary judgment shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts. Each motion for summary judgment shall have attached thereto a separate legal memorandum explaining why summary judgment should be granted and affi-davits not previously filed that are relied on in the motion.

    Rule 74.04(e) requires:

    Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

necessarily had to consider matters outside of the pleadings.

 Rule 55.27(a) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

Under this rule, the court can consider matters outside the pleadings and treat a motion to dismiss as a motion for summary judgment. However, to do so, the court must first give the parties notice that the motion for dismissal will be treated as a motion for summary judgment and must also permit them to present relevant evidence. *State ex rel. Missouri Highway and Transp. Comm'n v. London*, 824 S.W.2d 55, 58 (Mo.App.1991); *Inman v. Reorganized Sch. Dist. No. II of Hayti*, 814 S.W.2d 671, 672 (Mo.App.1991). When the court fails to do so, it cannot rely on matters outside the pleadings when ruling on the motion. *London*, 824 S.W.2d at 58.

In this case, the trial court clearly took up respondents' motion for dismissal rather than the parties' motion for summary judgment. However, the court never gave notice that it was going to treat respondents' motion for dismissal as a motion for summary judgment, nor were appellants given the opportunity to present additional "materials" as required by Rule 55.27(a). As a result, the trial court could only consider the pleadings in ruling on respondents' motion, and accordingly, our review is limited to the pleadings. *I.R. Kirk Farms, Inc. v. Pointer*, 876 S.W.2d 283, 285 n. 2 (Mo.App.1994). As found *supra*, a review of the pleadings here does not reveal the execution and delivery of a deed necessary to invoke the doctrine of merger employed by the court in dismissing appellants' petition. Because the trial court could not rely on the doctrine of merger in sustaining respondents' motion, we are required to review the pleadings and determine if appellants, in fact, stated a claim upon which relief could be granted. *Moore*, 904 S.W.2d at 380.

After a careful review of the pleadings and giving the allegations of appellants' petition every fair and reasonable intendment, we find that the appellants in their first amended petition properly stated a claim for breach of contract. *See Venable v. Hickerson, Phelps, Kirtley Ass'n*, 903 S.W.2d 659, 664 (Mo.App.1995) (recites the allegations necessary to establish breach of contract). Thus, under our standard of review, we must reverse and remand. *Moore*, 904 S.W.2d at 380.

### CONCLUSION

The trial court's order dismissing appellants' petition is reversed and remanded for further proceedings.

All concur.