Elizabeth Diane **BAKER**,
Appellant/Respondent,

v.

**BIANCAVILLA, Francesco and Linda,**
Respondent/Appellant.

Nos. WD 53416, WD 53473.

Missouri Court of Appeals,
Western District.

Feb. 10, 1998.

James W. Fletcher, Kansas City, for Appellant-Respondent.

David V. Kenner, Kansas City, for Respondent-Appellant.

Before ULRICH, C.J, and SPINDEN and HOWARD, JJ.

ULRICH, Chief Judge.

Elizabeth Baker appeals the trial court's dismissal of her petition for injunctive relief against Francesco and Linda Biancavilla. Ms. Baker sought to enjoin the Biancavillas from installing a tile roof on the home they were constructing in violation of Article VII, Section 9 of the recorded restrictions governing the subdivision. The Biancavillas appeal the trial court's failure to award them their attorney's fees incurred in defending the action as requested in their motion to dismiss.[1] The judgment of the trial court dismissing Ms. Baker's petition is reversed, and the case is remanded to the court for further proceedings.

### FACTS

Francesco and Linda Biancavilla own a lot in Carriage Hill Estates, First Plat, a residential subdivision in Clay County. In September 1995, they began building a home on the lot. In June 1996, when neighbor, Eliza-beth Baker, noticed that the Biancavillas were installing a cement tile roof on the house, she contacted Mr. Biancavilla regarding the installation of the roof and the subdivision's restrictive covenants. She claimed that the tile roof violated Article VII, Section 9 of the Declaration of Covenants, Conditions and Restrictions of the subdivision filed in the Clay County Recorder of Deeds office and requested voluntary compliance with the covenant. Article VII, Section 9 provided, "Roofs shall be covered with wood shingles. No built-up, asphalt, compositions, rolled or other type of roofing except wood shingles shall be used." On July 3, 1996, Ms. Baker hand-delivered a letter to the Biancavillas again informing them of the subdivision's restrictive covenants and threatening suit if they did not comply with the covenants.

After receiving no response to her July 3, 1996 letter, Ms. Baker filed a Petition for Injunction and Temporary Restraining Order on July 19, 1996, seeking enforcement of Article VII, Section 9. The trial court issued a temporary restraining order the same day and set a hearing for injunctive relief on July 24, 1996. Following the hearing, the trial court issued a preliminary injunction enjoining the Biancavillas from constructing a roof not made of wood shingles. A hearing for permanent injunctive relief was set for September 5, 1996.

On August 13, 1996, the Biancavillas filed a motion to dismiss the petition. They claimed that the issue was rendered moot by the August 12, 1996 decision of the Homeowners Association's Board of Directors approving the Biancavillas' application to install a tile roof that was filed after issuance of the preliminary injunction. They also requested the trial court to award them their attorney's fees and expenses reasonably incurred in defending the suit. The Biancavillas attached to their motion to dismiss various exhibits and affidavits revealing the following facts. Following the entry of the preliminary injunction, the Biancavillas, through their attorney, sent a letter to the attorney of J.A. Peterson Investment Company, the subdivision's developer, requesting the developer to grant its consent to the installation of cement

---

1. Because Ms. Baker's claimed error is dispositive, this issue is not addressed.

tiles for the roof of their house and waive the wood shingles requirement. The developer declined to rule on the Biancavillas' request and deferred the decision to the Association's Board of Directors. On August 12, 1996, the Board, by resolution, approved the application.

The trial court granted the Biancavillas' motion to dismiss and ordered the previously entered preliminary injunction terminated based on the Board's subsequent approval of the tile roof. This appeal followed.

## MOTION TO DISMISS

■ On appeal, Ms. Baker claims that the trial court erred in dismissing her petition for permanent injunctive relief and dissolving the preliminary injunction based on the allegations contained in the Biancavilla's motion to dismiss that the Board approved of their application to install a tile roof. She contends that (1) the evidence considered by the trial court regarding the approval by the Board was merely unverified claims and allegations, and (2) if the Board did, in fact, approve the tile roof, it abused its authority in light of the subdivision's restrictive covenants.

In sustaining the Biancavillas' motion to dismiss, the record evinces that the trial court necessarily considered matters outside of the pleadings. The pleadings did not reveal the Board's approval of the Biancavillas' application to install a tile roof. The Biancavillas admit that the application and approval of the application did not occur until after the preliminary injunction was issued. The Board's approval, on which the court relied in dismissing the petition, did not come to the attention of the court until the motion to dismiss with attachments was filed.

■ Rule 55.27, governing motions for judgment on the pleadings, provides that when matters outside of the pleadings are presented to and not excluded by the court, the motion to dismiss shall be treated as one for summary judgment. Rule 55.27(a); *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App.1997); *Taylor v. Seaman*, 932 S.W.2d 912, 915 (Mo.App.1996). To consider matters outside of the pleadings and treat a motion to dismiss as one for summary judgment, a court must first give the parties notice that it is going to do so, and it must provide all parties a reasonable opportunity to present all materials made pertinent to a motion for summary judgment. *Id.*

Following the hearing on the motion to dismiss, the court dismissed the petition based on the Board's subsequent approval of the tile roof. Counsel for Ms. Baker objected to the court's consideration of evidence outside of the pleadings and Ms. Baker's lack of opportunity to respond to the evidence stating:

> Based upon the fact that this was filed as a Motion to Dismiss, we haven't done the discovery to determine how that [the Board's approval] was done, whether that [the approval] was done with proper notice to other members of the Home's Association, whether the other members of the Home's Association have a right to have a voice in what the Board of Directors does.

The court responded:

> Let me throw it in your court then. Are you and your client willing to go to the expense if I consider letting you do all the discovery, paying for all of the discovery and paying for all of counsel's expense in the event that everything they've alleged in their sworn affidavits are true?

\* \* \*

> And I don't want the record to show, number one, that she's [Ms. Baker's] agreeing to anything nor do I want the record to show that I'm strong-arming her into some other position but basically I think that the record needs to show is that all I'm saying is I accept the affidavits and the information as attached to defendant's motion as being accurate and we'll give you the opportunity to challenge it at your expense.

The trial court then decided the Board had authority to approve or disapprove construction without being bound by the restrictive covenants and based the dismissal on that decision. Although the court stated it would allow Ms. Baker to conduct discovery "at her own expense," it, in effect, did not notify Ms.

Baker that the Biancavillas' motion to dismiss would be treated as a summary judgment motion until the hearing on the motion and did not give Ms. Baker a reasonable opportunity to present additional materials as required by Rule 55.27(a). Thus, the trial court could only consider the pleadings in ruling on the motion, and appellate review is also limited to the pleadings. *Taylor,* 932 S.W.2d at 915.

In reviewing a trial court's dismissal of a petition, an appellate court gives the petition its broadest intendment, accepts all facts averred therein as true, construes all averments liberally and favorably to the plaintiff, and determines whether the averments invoke principles of substantive law upon which relief can be granted to plaintiff. *Paddock Forest Residents Ass'n, Inc. v. Ladue Serv. Corp.,* 613 S.W.2d 474, 476 (Mo. App.1981). Ms. Baker's petition alleged that Article VII, Section 9 of the Declaration of Covenants, Conditions and Restrictions for the Carriage Hill Estates, First Plat subdivision mandates wood-shingled roofs. It further alleged that the Biancavillas began installation of a cement tile roof and prayed for an injunction enjoining construction of a roof not covered with wood shingles. Ms. Baker's petition properly stated a claim for injunctive relief. If the Biancavillas wish to challenge Ms. Baker's claim knowing the Board's subsequent approval of the Biancavillas' application to install a tile roof as in a motion for summary judgment, Ms. Baker must necessarily be given a reasonable opportunity to respond to the Biancavillas' motion with any additional materials relevant to the Board's approval, e.g. whether the Board was authorized, considering the subdivision's restrictive covenants, to approve such application.

The order dismissing Ms. Baker's petition is reversed, and the case is remanded for further proceedings.

All concur.