**Ron OWENS, Employee/Respondent,**

v.

**NORB HACKMANN, INC., Employer/Respondent,**

**American States Ins. Co., Insurer/Respondent,**

and

**Wies Drywall & Construction Co., Employer/Appellant,**

**Transportation Insurance Co., Insurer/Appellant,**

and

**Trinity Insulation & Drywall, Employer/Respondent,**

**Missouri Builders Association, Insurer/Respondent,**

and

**TTC, Inc., Employer/Respondent,**

**Credit General, Insurer/Respondent,**

and

**Treasurer of Missouri as Custodian of the Second Injury Fund, Additional Party.**

No. 74175.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 17, 1998.

Marc A. Lapp, Law Offices of Marc A. Lapp, Amy E. Kaiser, Law Offices of Brenda Baum, St. Louis, for Wies Drywall and Transportation Co.

Dennis R. Lassa, Kortenhof & Ely, St. Louis, for Norb Hackmann, Inc. and American States Ins. Co.

Steven J. McMahon, Wilke & Wilke, P.C., Clayton, for Home Builders Assoc. Workers' Compensation Self-Insured Trust.

Marylou Calzaretta, Luke 7 Cunliff, P.C., St. Louis, for TTC, Inc.

Matthew J. Padberg, Padberg, McSweeney, Slater & Merz, St. Louis, for Ron Owens.

JAMES R. DOWD, Presiding Judge.

■ Employer Wies Drywall and Construction Company ("Wies") appeals from the decision of the Labor and Industrial Relations Commission ("Commission") affirming the Administrative Law Judge's ("ALJ's") temporary or partial award for the payment of medical benefits in favor of claimant Ron Owens. Generally, no appeal lies from a temporary or partial award. *Cahall v. Cahall*, 963 S.W.2d 368, 371 (Mo.App. E.D. 1998). However, appellate review of a temporary or partial award on the issue of liability in a workers' compensation case is permissible. *Id.*

■ Wies raises two points on appeal regarding the issue of liability. Wies contends that the Commission erred by failing to: (1) dismiss Mr. Owens' occupational disease claim; and (2) consider the potential liability of all prior employers. Both points require interpretations or applications of law rather than determinations of fact. We review decisions of the Commission that are clearly interpretations or applications of law, rather than determinations of fact, for correctness without deference to the Commission's judgment. *Coloney v. Accurate Superior Scale Co.*, 952 S.W.2d 755, 758 (Mo.App.W.D.1997).

Mr. Owens has been a drywall worker for thirteen years. From 1984 until April 1994, Mr. Owens was employed as a residential drywall taper for Norb Hackmann, Inc. During his employment with Norb Hackmann, Inc., Mr. Owens experienced some numbness and tingling in his left hand. Mr. Owens worked as a commercial drywall taper for Wies from May 1994 through November 1994. The numbness and tingling in his left hand increased and similar symptoms developed in his right hand while he was employed by Wies. On December 10, 1994, Mr. Owens began working for Trinity Insulation and Drywall ("Trinity").

Mr. Owens first sought a medical opinion regarding his hand and wrist complaints on December 30, 1994 after he had worked for Trinity for approximately seventy-one and one-half hours. Dr. Robert Tucker made a clinical diagnosis of carpal tunnel syndrome. Mr. Owens filed a claim for compensation with the Division of Workers' Compensation on February 14, 1995. The ALJ determined that Mr. Owens' carpal tunnel syndrome constituted a compensable injury under the Act and assessed liability to Wies. The Commission affirmed the award and Wies appeals.

■ Wies in its first point on appeal asserts that the Commission erred in failing to dismiss Mr. Owens' occupational disease claim. Wies argues that Mr. Owens did not suffer a compensable injury because Mr. Owens was able to work and had not missed time from work due to his carpal tunnel syndrome. Wies contends that a compensable injury occurs when the occupational disease causes the employee to become disabled and unable to work. We disagree. Inability to work is not a prerequisite for recovery under the Workers' Compensation Act. *Coloney*, 952 S.W.2d at 760. Point denied.

■ In its second point, Wies argues that the Commission erred in failing to consider the potential liability of all prior employers when the last employer exposed the employee to the hazards of the repetitive trauma for less than three months.

Section 287.063 [1] the "last exposure rule" provides:

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion as is set forth in subsection 7 of section 287.067, RSMo.

2. The employer liable for the compensation in this section shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease for which claim is made regardless of the length of time of such last exposure.

Section 287.067.7 the "three month rule" reads:

With regard to occupational disease due to repetitive motion, if the exposure to the repetitive motion which is found to be the cause of the injury is for a period of less than three months and the evidence demonstrates that the exposure to the repetitive motion with a prior employer was the substantial contributing factor to the injury, the prior employer shall be liable for such occupational disease.

Trinity was the last employer to expose Mr. Owens to the hazards of carpal tunnel syndrome. However, because Mr. Owens worked for Trinity less than three months before filing his claim for compensation, section 287.067.7 is applicable. Wies does not contend that section 287.067.7 is not applicable or that Trinity is liable. Rather, Wies argues that section 287.067.7 compels the ALJ to look to all prior employers in determining the substantial contributing factor when the last employer exposed the employee to the hazards of the repetitive trauma for less than three months. Specifically, Wies urges this court to construe "a prior employer" in section 287.067.7 to mean any prior employer.

■ When interpreting a statute, our primary responsibility is to ascertain the intent of the legislature from the language used and give effect to that intent if possible. *Weston Point Resort Condominium Owners'*

---

1. All references are to RSMo 1994 unless otherwise noted.

*Ass'n. v. Floro,* 796 S.W.2d 928, 930 (Mo.App. S.D.1990). To determine the intent of the legislature when it leaves a phrase or term undefined, the objectives of the act are to be considered, and the construction given must be reasonable and logical. *State ex rel. Rhodes v. Crouch,* 621 S.W.2d 47, 49 (Mo. banc 1981).

Wies' interpretation of section 287.067.7 is neither reasonable nor logical. It is unreasonable and illogical to assume that the legislature intended to open the issue of causation as to all the employers who exposed the claimant to the hazard prior to filing a claim when the last exposure was for less than three months. Wies' interpretation would completely negate the last exposure rule when the three month rule is applied. This could not have been the intent of the legislature.

Rather, the legislature enacted section 287.067.7 to avoid the sometimes harsh result of the last exposure rule when that last exposure is short in duration and follows employment that was more substantial in duration, or more significant in the development of the occupational disease, or both. *Mayfield v. Brown Shoe Co.,* 941 S.W.2d 31, 36 (Mo.App. S.D.1997).

Point denied. Accordingly we affirm the decision of the Commission.

LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J., concur.