**L.C. DEVELOPMENT COMPANY, INC., Plaintiff/Appellant,**

v.

**LINCOLN COUNTY, Defendant/Respondent.**

No. ED 77468.

Missouri Court of Appeals, Eastern District, Northern Division.

July 5, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 2000.

Application for Transfer Denied Oct. 3, 2000.

John Fox Arnold, St. Louis, for appellant.

T. Bennett Burkemper, Jr., Troy, for respondent.

CLIFFORD H. AHRENS, Judge.

L.C. Development Company, Inc. ("Development Company") appeals an order of the Circuit Court of Lincoln County granting Lincoln County's motion to dismiss its petition for declaratory judgment. Development Company brought a declaratory judgment action attacking a regulation passed by the Lincoln County Commission ("Commission") prohibiting the building of a sanitary landfill within one-quarter mile of an occupied residence. The Development Company contends the trial court erred in denying its motion for summary judgment. The Development Company also argues the trial court erred in granting Lincoln County's motion to dismiss because it raised issues outside the pleadings, each count of its petition contained facts entitling it to relief, and the petition was ripe for review. We dismiss in part and reverse and remand in part.

Lincoln County is a third-class county of the state of Missouri and is governed by the Commission. On November 4, 1986, pursuant to section 64.530 RSMo (1994), the voters of Lincoln County approved county planning and zoning. On December 11, 1989, the Commission adopted an order entitled "Solid Waste Disposal and Waste Processing Facility Regulations for Lincoln County, Missouri." This order provided rules, regulations, standards and licensing for the location, storage, collection, transportation, processing and disposal of solid wastes. The order explained no solid waste or special waste landfill established after the date of the regulation shall be located within one-fourth of a mile of any occupied residential dwelling without the written consent of the owner of the property. The regulation also required the Commission to license all solid waste

disposal areas within the county. On November 6, 1990, and again on April 2, 1996 and April 6, 1999, the voters of Lincoln County rejected county zoning and planning. The December 11, 1989 order of the Commission remained in effect even after zoning and planning were rejected.

The Development Company is the owner of options on 350 acres of land in Lincoln County and intends to build a Class III Solid Waste Sanitary Landfill on the parcel. In 1995, the Development Company applied to the Missouri Department of Natural Resources ("DNR") for a permit to conduct test drilling on the site and submitted a proposed workplan for activities on the site. On February 8, 1996, the DNR conditionally approved the site for exploration.

On June 28, 1996, the Development Company received a letter from the Commission which stated, in part,

> [w]e enclose a copy of the Lincoln County Solid Waste Processing and Storage Ordinance which came into effect November 12, 1989. Although you or no one for you has filed any application before the County Commission for a permit to locate a sanitary landfill in Lincoln County, after your exploratory drilling is completed you will be required to request a permit from the County. We send the ordinance to you so that you can (sic) know that we intend to grant permits under it only if the terms are met.

The regulation was amended later that year to read "[n]o solid waste or special waste landfill facility established after the effective date of this regulation shall be located within one-fourth mile of any occupied residential dwelling." The Development Company argues if this quarter mile provision is enforced, its waste facility will be reduced to a 66–acre tract of land. It contends that such a project is not economically feasible. It also argues it will be required to expend $500,000 to complete the drilling and engineering design phase before any application for an engineering

permit can be submitted to the DNR for approval.

Pursuant to Missouri's Declaratory Judgment Act, sections 527.010 et seq. RSMo (1994), the Development Company filed a petition against Lincoln County, alleging the regulation is an unauthorized zoning regulation, is invalid under Chapter 260 of the Missouri Statutes, is inconsistent with other state law, violates its substantive due process rights, and results in an unconstitutional taking. The Development Company also raised the issues of violation of substantive due process and unconstitutional taking under 42 U.S.C. section 1983. The Development Company filed a motion for summary judgment, and Lincoln County filed a motion to dismiss. The trial court denied the Development Company's motion for summary judgment and granted Lincoln County's motion to dismiss. This appeal follows.

■ In its first five points relied on, the Development Company argues the trial court erred in denying their motion for summary judgment. The denial of a motion for summary judgment is not a final judgment and is not reviewable, even when the appeal is taken from the final judgment in the case. *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 632 (Mo.App.1996). Therefore, we dismiss the Development Company's first five points on appeal.

■ In its final four points relied on, the Development Company argues the trial court erred in granting Lincoln County's motion to dismiss. We must sua sponte determine our jurisdiction because the trial court dismissed the petition without specifying whether it was with prejudice. *Shores v. Express Lending Services, Inc.*, 998 S.W.2d 122, 125 (Mo.App.1999). Under Rule 67.03, an involuntary dismissal is without prejudice unless the court specifies otherwise in its order for dismissal. *Id.* However, a party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action. *Id.* In the present case, the dis-

missal has the practical effect of terminating the litigation. As a result, jurisdiction lies in this court.

The Development Company's sixth point relied on, arguing the trial court erred in granting the motion to dismiss because it raised issues outside the pleadings, is dispositive. In its motion to dismiss, Lincoln County alleged the Development Company failed to state a claim upon which relief could be granted. Parties are permitted to bring such a motion under Rule 55.27(a)(6). However, on a motion asserting failure of the pleading to state a claim upon which relief can be granted, if information outside the pleadings is presented to and not excluded by the court, a motion to dismiss is to be treated as one for summary judgment, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04. Rule 55.27(a); *City of Chesterfield v. Deshetler Homes, Inc.*, 938 S.W.2d 671, 673 (Mo.App. 1997). Moreover, the court must first give notice to the parties that it is going to treat the motion to dismiss as one for summary judgment. *Baker v. Biancavilla*, 961 S.W.2d 123, 125 (Mo.App.1998).

In ruling on a motion to dismiss, the trial court can only consider the pleadings, and appellate review is also limited to the pleadings. *Baker*, 961 S.W.2d 123, 126 (Mo.App.1998). When reviewing the dismissal of a petition, the pleading is granted its broadest intendment, all facts alleged are treated as true, and the pleading is construed in favor of the plaintiff to determine whether the averments invoke substantive principles of law which entitle the plaintiff to relief. *Farm Bureau Town & Country Ins. Co. v. Angoff*, 909 S.W.2d 348, 351 (Mo.1995). In its petition, the Development Company alleged Commission had sent a letter explaining a county permit would not be granted unless the terms of the regulations were met. The Development Company also alleged the site for the waste management project was located within one-fourth of a mile of occupied residential dwellings. Finally, the Development Company alleged Lincoln County had never adopted a "solid waste" management plan under section 260.215.2 RSMo (1994) and no such plan was ever approved by the state.

In its motion to dismiss, Lincoln County asserted the issues were not ripe for review because the Development Company had not submitted a permit application, Lincoln County had not undertaken or threatened any type of enforcement action, and Lincoln County had not reached a final decision regarding application of the regulations to the permit. In addition, Lincoln County argued the Development Company had failed to allege specific facts that Lincoln County's regulations were not enacted pursuant to a plan approved by the state as required by section 260.215.2 RSMo (1994). Lincoln County also claimed, in a supplemental response to the Development Company's motion for summary judgment, the Commission had adopted the "East Central Missouri Solid Waste Management Plan" pursuant to section 260.215.2 RSMo (1994) and the Missouri Department of Natural Resources had approved said plan. In this supplemental response which was before the court at the time of the motion to dismiss, Lincoln County explained the plan was contained in the Development Company's motion for summary judgment and cited to materials contained in the motion for summary judgment.

Granting the petition its broadest intendment, we find that it invoked substantive principles of law entitling the Development Company to relief. Moreover, Lincoln County's motion to dismiss referred to facts, documents, and information outside of the face of the pleadings. As such, the trial court erred in granting the motion to dismiss.

The trial court could have given notice to the parties that it would be treating Lincoln County's motion to dismiss as a motion for summary judgment and given

both parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04. Both parties would then have been able to submit the appropriate discovery and affidavits. *See* Rule 74.04. In particular, Lincoln County could have offered proof that they had submitted an officially adopted plan for a solid waste management system to the DNR, as required by section 260.220.1 RSMo (1994), and that such plan was approved by the DNR, as required by section 260.215.2 RSMo (1994). Short of notice given by the trial court, Lincoln County's motion to dismiss cannot be treated as a motion for summary judgment and consequently must be reversed.

Since the validity of the quarter-mile restriction under section 260.215.2 RSMo (1994) is likely to arise in a future proceeding, we address the issue for the sake of judicial economy. Any city or county may adopt ordinances or orders, rules, regulations, or standards for the storage, collection, transportation, processing or disposal of solid wastes. *Id.* The Development Company argues this provision does not permit a county to regulate the location of a solid waste facility. Because of the paucity of applicable case law, we turn to the rules of statutory construction to determine if the statute contemplates county regulation of the "location" of solid waste facilities.

When interpreting a statute, our primary responsibility is to ascertain the intent of the legislature from the language used and give effect to that intent if possible. *Owens v. Norb Hackmann, Inc.,* 979 S.W.2d 941, 943 (Mo.App.1998). A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. *State ex rel. Whiteco v. Bowers,* 965 S.W.2d 203, 207 (Mo. App.1998). Absent a statutory definition, the words used in the statute will be given their plain and ordinary meaning as derived from the dictionary. *State v. Hibler,* 5 S.W.3d 147, 149 (Mo.1999). Moreover, the meaning of a word must depend to some extent on the context in which it appears. *Butler v. Mitchell–Hugeback, Inc.,* 895 S.W.2d 15, 19 (Mo.1995).

A county may regulate the "storage," "collection," "transportation," "processing," or "disposal" of solid wastes. Section 260.215.2 RSMo (1994). The county's broad regulatory powers permit it to regulate every aspect of the solid waste management process, from the initial collection of solid waste to its final disposal. "Storage" is defined as "a space or a place for storing." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1162 (1991). If a county is permitted to regulate in every area of the solid waste operation, including the "space[s] or place[s] for storing" solid waste, we conclude the county can also regulate the location of these spaces or places, namely the solid waste dumps. In enacting a statute, we must presume the legislature did not intend an unreasonable or absurd result. *Dalton Investments, Inc. v. Nooney Co.,* 10 S.W.3d 590, 593 (Mo.App.2000). To allow a county to regulate the processing, storage, and every other aspect of solid waste but not the location of the storage facilities would be unreasonable and circumvent the intent of the legislature in passing the statute. We hold that under section 260.215.2 RSMo (1994), a county is permitted to pass ordinances regulating the location of solid waste management facilities.

The first five points of the appeal are dismissed, and the remainder of the case is reversed and remanded for proceedings consistent with this opinion.

MARY RHODES RUSSELL, C.J., concurs.

LAWRENCE E. MOONEY, J., concurs.