**Daniel J. ROSS, P.C., Respondent,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMMUNICATIONS CORPORATION, Appellant.**

**No. WD 45589.**

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Sept. 29, 1992.

John J. Yates, Kansas City, for appellant.

Gregory E. Eufinger, Jr., Kansas City, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and BERREY, JJ.

BERREY, Judge.

Appellant appeals from a summary judgment in favor of respondent on an action for enforcement of an attorney's lien on monies paid by appellant to its former employee, Dwight E. Butts. The decision of the trial court is reversed.

On or about May 14, 1988, appellant discharged Butts from his position as telephone operator. On June 1, 1988, Butts filed a formal grievance, No. 88-4MOC-OS-226, protesting his discharge pursuant to the procedures provided in the collective bargaining agreement between American Telephone & Telegraph Communications Corporation ("AT & T") and the Communication Workers of America, Local 6326 ("CWA"). CWA represented Butts in all grievance proceedings. Butts was dissatisfied with the offer made by AT & T and notified CWA that he was retaining an attorney, at which time the grievance proceeding was stayed.

On December 1, 1988, Butts filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). On July 24, 1989, the EEOC issued Butts a Notice of Right to Sue, which contains the following language:

This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On September 12, 1989, Butts retained respondent to represent him on his claims of discriminatory discharge against AT & T. Butts and respondent entered into a contingency contract wherein respondent was to receive one-third of any net recovery to Butts. On November 8, 1989, more that ninety days after the issuance of the Notice of Right to Sue, respondent caused Butts' lawsuit against AT & T to be filed in

the United States District Court for the Western District of Missouri. On January 18, 1990, Butts' first amended complaint was filed adding a pendent state claim for violation of the Missouri Unlawful Employment Practices Act.

Counsel for AT & T advised respondent that his client's action had not been timely filed and, on June 25, 1990, the parties stipulated to a dismissal of the action without prejudice. Butts did not pay respondent for the action respondent took on Butts' behalf. No lawsuit based on Butts' termination has been filed in a Missouri court.

On September 13, 1990, the CWA, Butts and AT & T entered into a settlement agreement of the discharge grievance No. 88–4MOC–OS–226. Respondent was not notified of the settlement agreement until after it had been signed. Respondent Ross did not participate or appear in any of the grievance negotiations or proceedings. After respondent learned of the settlement, he filed suit against AT & T in an attempt to assert an attorney's lien of $15,000 on the grievance settlement. AT & T filed a motion to dismiss respondent's action or, in the alternative, for summary judgment. Respondent filed a motion for summary judgment, which was granted. The trial court issued no findings of fact or conclusions of law. This appeal followed.

■ In reviewing a ruling on a motion for a summary judgment, this court must scrutinize the record in the light most favorable to the party against whom the motion was filed and against whom judgment was granted and accord that party all reasonable inferences that may be drawn from the evidence. *West v. Jacobs*, 790 S.W.2d 475, 479 (Mo.App.1990). Great caution must be exercised in granting summary judgment because it is an extreme and drastic remedy that borders on denial of due process in that the opposing party is denied its day in court. *Olson v. Auto Owners Ins. Co.*, 700 S.W.2d 882, 884 (Mo. App.1985). Summary judgment is appropriate if the prevailing party has shown that he is entitled thereto as a matter of law. *Irwin v. Wal–Mart Stores, Inc.*, 813 S.W.2d 99, 101 (Mo.App.1991). Summary judgment may be granted only when the pleadings, depositions, admissions and affidavits on file show no genuine issue as to any material fact. Rule 74.04(c). Any fact in doubt must be a material one having legal probative force as to a controlling issue. *First Nat'l Bank of St. Charles v. Chemical Products Inc.*, 637 S.W.2d 373, 375 (Mo.App.1982).

Appellant argues that the trial court erred in granting plaintiff's motion for summary judgment because there was no cause of action to which an attorney's lien could have attached pursuant to § 484.-130 [1]. There are two statutes governing attorney's liens in Missouri. Section 484.-130 restates the common law of Missouri giving an attorney a lien on his client's cause of action from the commencement of that action. Section 484.140 allows an attorney who enters into a contingency contract with a client in a matter that may or may not proceed to litigation, to create a lien upon the proceeds of any settlement thereof *if* the attorney serves notice in writing upon any prospective defendant that he has such an agreement with his client, stating therein the interest he has in such claim or cause of action.

■ Although respondent appears to mingle the two statutes, he does admit that he did not serve written notice upon AT & T of his agreement with Butts as is required to establish a lien pursuant to § 484.140. Respondent relies upon the notice provided by filing Butts' petition in the United States District Court to serve as notice to AT & T of his lien. The Supreme Court of Missouri has held, however, that written notice given to a prospective defendant was insufficient to create a lien enforceable against that prospective defendant under § 484.140 when the writing failed to provide the percentage amount agreed to between the attorney and his client. *Passer v. U.S. Fidelity & Guaranty Co.*, 577 S.W.2d 639, 646 (Mo. banc 1979). If the writing in *Passer*, notifying opposing party of the existence of a contin-

---

1. All statutory references are to RSMo 1986,     unless otherwise specified.

gency agreement but omitting the percentage of recovery the attorney was to receive, was insufficient to create a lien under § 484.140, certainly filing a cause of action in federal court, which filing does not contain any information regarding the contingency agreement, cannot create an enforceable lien for this respondent under § 484.140.

■ We, therefore, review whether respondent properly created an enforceable lien pursuant to § 484.130, which states as follows:

> The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment.

Butts voluntarily dismissed his cause of action without prejudice. Because he failed to file his action within ninety days of issuance of his right to sue notice, he did not have a valid action in federal court and, regardless of whether Butts possessed a valid cause of action under Missouri law at the time of the settlement agreement, none had been filed on his behalf.

Section 484.130 provides for a lien upon a cause of action from its "commencement." *Metzger v. Metzger,* 153 S.W.2d 118, 123 (Mo.App.1941). In *Metzger,* the attorney filed a cause of action for his client but failed to file it in the proper court and the court wherein the action was filed did not have jurisdiction over the action. *Id.* This Court held:

> An action commenced in a court having no jurisdiction is no action. The situation is the same as if no suit had been brought or attempted to be brought, and the whole proceeding is void and of no effect. (citations omitted)

Consequently, respondent had no lien on the cause of action attempted to be stated in the suit.

*Id.* In the instant action, Butts' action was filed in the proper venue but not within the allotted time.

> [W]hen Congress creates a new right of action and explicitly limits the time in which the action may be brought, lapse of the prescribed time operates to extinguish the right that is the foundation of the claim, rather than to bar enforcement of the right.

*Kansas City, Missouri v. Federal Pac. Elec. Co.,* 210 F.Supp. 545, 550–51 (W.D.Mo.1962), *cert. denied,* 373 U.S. 914, 83 S.Ct. 1297, 10 L.Ed.2d 415 (1963). Butts brought his action against AT & T pursuant to Title VII of the Civil Right Act of 1964, as amended by 42 U.S.C. § 2000e, which is governed procedurally by 29 C.F.R. § 1601.28. This regulation provides in pertinent part:

> (b)(1) Where the Commission has found reasonable cause to believe that Title VII [42 U.S.C.A. § 2000e et seq.] ... has been violated, ... it will issue a notice of right to sue on the charge.

> . . . . .

> (e) The notice of right to sue shall include:

> (1) Authorization to the aggrieved person to bring a civil action under Title VII [42 U.S.C.A. § 2000e et seq.] ... within 90 days from receipt of such authorization.

Additionally, the notice contains specific language indicating that the action must be filed within ninety days or the right to sue is lost.

In the instant action, Butts' cause of action against AT & T is one created by Congress and explicitly limits the time in which the action may be brought. Therefore, at the time Butts' action was filed in federal court, his right to file that action had been extinguished and the court in which the action had been filed had no jurisdiction over the matter. As in *Metzger,* it is as if no suit has been brought; it has never been "commenced." The action

is void and of no effect and, therefore, respondent created no lien upon Butts' cause of action.

Assuming, arguendo, that a proper action had been brought against AT & T on behalf of Butts and, further, that Ross did create an enforceable lien, dismissal of Butts' action constituted, in effect, a judgment in favor of AT & T. This is a judgment to which an attorney's lien cannot attach because it is not a judgment in favor of, nor does it have any pecuniary value to Butts. *See Universal Oil Prods. Co. v. Standard Oil Co.*, 6 F.Supp. 37, 41 (W.D.Mo.1934), *aff'd* 77 F.2d 70 (8th Cir. 1935).

In interpreting the language of the attorney's lien statute, the *Universal* court determined:

> [The statute] gives an attorney a lien only *upon* one thing; that is, the "client's cause of action." It provides indeed that the lien so given shall *attach* to a verdict, report, decision or judgment in the client's favor, but it is still a lien only *upon* the cause of action.... The lien does not *attach* to any other thing than those specified, for expressio unius exclusio alterius est. The lien is only *upon* the cause of action and it *attaches* only to the objects expressly named.
>
> ....
>
> The one reference to a settlement agreement is this: "(The lien upon the client's cause of action) cannot be affected by any settlement between the parties before or after judgment." If it is not affected, then it is neither enlarged nor lessened. It is still upon the client's cause of action and that only.
>
> ....
>
> What the lawmakers intended to make clear was that the lien given upon the cause of action would continue although the cause of action merged in an agreement of settlement.

*Id.* at 39.

■ Butts' cause of action was dismissed because he no longer possessed a right to bring an action against AT & T in federal court. That cause of action did not "merge" into the settlement agreement entered into between AT & T, CWA and Butts. That was settlement of a separate claim filed as a grievance pursuant to the collective bargaining agreement between AT & T and CWA. Respondent herein played no part in the grievance process and, even if he had, he failed to protect his interest in the proceeds of such process by serving upon AT & T written notice of his contingency agreement with Butts, as required under § 484.140.

We have reviewed the case law cited by respondent and we find that in all cases so cited, the attorney either provided proper and sufficient written notice under § 484.-140 or properly commenced a cause of action that was settled without knowledge of the attorney *prior* to its termination by final judgment or dismissal.

We do not hold AT & T to more notice than respondent provided. The decision of the circuit court is reversed and the cause is remanded with directions to enter judgment for the defendant/appellant AT & T.

All concur.