### Shirley J. EVANS, a/k/a Shirley Bentley, Plaintiff/Respondent,

v.

### ST. LOUIS COMPREHENSIVE NEIGHBORHOOD HEALTH CENTER, d/b/a Comprehensive Health Center, Defendant/Appellant.

#### No. 65640.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1995.

Application to Transfer Denied
April 25, 1995.

Harold Whitfield, Rita M. Montgomery, Whitfield, Montgomery & Staples, P.C., St. Louis, for appellant.

Thomas B. Hayes, St. Louis, for respondent.

SMITH, Presiding Judge.

Defendant, St. Louis Comprehensive Neighborhood Health Center (Comprehensive), appeals from the order of the trial court denying its motion to set aside a default judgment against it in the amount of $100,000. We affirm.

Plaintiff, Shirley Evans, filed a medical malpractice suit against defendant and Dr. Richard Casey in April 1985. Comprehensive filed an answer. Plaintiff alleged that Casey was an employee of defendant and that from November 1982 through April 1983 the defendants jointly and severally provided negligent pre-natal care to her causing her child to be stillborn. In December 1988 the trial court entered a default judgment against Casey for $100,000. On September 13, 1990, plaintiff dismissed her cause of action against Comprehensive without prejudice. On September 12, 1991, she filed a new suit against Comprehensive identical to the ·original suit. Comprehensive was served and by affidavit filed with the motion to set aside alleged it forwarded the summons and petition to its insurer. No answer was filed by or on behalf of Comprehensive.

On December 10, 1991, the court granted a default and inquiry against Comprehensive.

On December 8, 1992 the court ordered dismissal of the case for failure to prosecute to be effective December 18, 1992. On December 18 the cause was removed from the dismissal docket and another default and inquiry granted. On January 13, 1993, a hearing was held to assess damages and a judgment of $100,000 entered against defendant in plaintiff's favor. On January 24, 1994, execution was issued directed to defendant's bank. On February 4, defendant filed its motion to set aside the judgment. The court denied the motion.

■ Because the judgment was more than a year old at the time defendant filed its motion to set aside the only basis for setting it aside is that it is void.[1] Rules 74.05(d) and 74.06(b), (c) and (d). Defendant concedes that. Its first and major attack on the judgment is that it allows a double recovery and allows a splitting of plaintiff's cause of action. As to the first contention defendant equates the existence of two judgments with a double recovery. They are not the same. It is satisfaction of a judgment which precludes further recovery not the rendering of the judgment. 86 C.J.S. *Torts* § 34 (1954). There is nothing in the record here that indicates the judgment against Casey has been satisfied.

■ We need not determine whether plaintiff has split her cause of action. A judgment is not void merely because it is erroneous. It is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law. *Platt v. Platt*, 815 S.W.2d 82 (Mo.App.1991) [1.c.83]. The rule against splitting a cause of action is a part of a group of defenses frequently lumped together as *res judicata*. It is for the benefit of the defendant and may be waived. *National Garment Co. v. New York, C. & St. L.R. Co.*, 173 F.2d 32 (8 Cir.1949) [1–5]; *Coleman v. Kansas City, Mo.*, 351 Mo. 254, 173 S.W.2d 572 (1943) [5,6]. When an attempt is made to split a claim, defendant must raise the defense at the earliest possible time, otherwise it waives the defense. Allan D. Vestal, *Res Judicata/Preclusion* V–100 (1969); Rule 55.08. By failing to file an answer defendant waived the defense of claim splitting.

■ Comprehensive contends the court erred in failing to set aside the judgment for a series of reasons involving notice and adequacy of the hearing on damages. None of the actions or non-actions asserted by the defendant would render the judgment void. They did not constitute a denial of due process. *See Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985) [10]; *Robson v. Willers*, 784 S.W.2d 893 (Mo.App.1990) [8]; *Juenger v. Brookdale Farms*, 871 S.W.2d 629 (Mo.App. 1994) [5,6]. At most they possibly might allow the judgment to be set aside if the motion had been filed within a year after the judgment was entered. Because that time frame was not met these actions or non-actions do not authorize setting aside the judgment as void. The trial court correctly denied the motion to set aside the judgment.

Order affirmed.

CRANDALL and WHITE, JJ., concur.

---

1. Defendant could also be given relief from the judgment because it has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force (Rule 74.06(b), (c)) or for fraud on the court (Rule 74.06(d)) Defendant makes no contention that any of these grounds exist.