■ ROBBIE GENTON et al., Appellants, v ARPEGGIO RESTAU- RANT, INC., et al., Respondents. KRISHNAN S. CHITTUR, Appel- lant; RICHARD C. BELL, Respondent. [648 NYS2d 552] —Order, Supreme Court, New York County (Charles Ramos, J.), entered May 30, 1995, which granted plaintiffs' motion for reargument, thereby withdrawing the prior order, entered October 14, 1994, on default; denied plaintiffs' motion to discharge respondent Richard Bell's lien on the settlement proceeds; and granted Bell's cross-motion thereby fixing his share of the legal fees at 30% of the net legal fees received by appellant Krishnan Chit- tur, unanimously reversed, on the law, with costs, and the matter remanded for a hearing before a different Justice on the issue of cause.

The motion court erred in summarily determining that respondent Bell was discharged without cause as plaintiffs' counsel, effectively dismissing plaintiffs' plausible allegations to the contrary. On the record before us, a determination as a matter of law was improper, since the issues raised by the parties' conflicting affidavits turn on the relative credibility of their assertions. Moreover, the credibility issue aside, plaintiffs' proof appeared to be much more cogent than Bell's, which suffered from, among other things, inadequate explanations and inconsistencies with the documentary evidence.

Under the circumstances, a hearing is required to determine whether Bell was discharged for cause, and if not, whether he is entitled to compensation and in what amount (see, *Teichner v W & J Holsteins*, 64 NY2d 977; *Andreiev v Keller*, 168 AD2d 528; *Williams v Hertz Corp.*, 75 AD2d 766). Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.