James DUDLEY, Appellant,

v.

SOUTHERN UNION COMPANY
d/b/a Missouri Gas Energy,
Respondent.

No. WD 68735.

Missouri Court of Appeals,
Western District.

June 17, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2008.

Application for Transfer Denied
Sept. 30, 2008.

James Dudley, Kansas City, MO, pro se.

Matthew W. Geary, Kansas City, MO, for respondent.

Before: JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

**Factual and Procedural Background**

On November 7, 2003, Mr. James Dudley filed a complaint with the Public Service Commission (PSC) against Southern Union Company doing business as Missouri Gas Energy (MGE), for transferring someone else's bill to his residential bill on May 16, 2002, and, subsequently, turning off his gas at his personal residence for nonpayment on July 30, 2002. PSC granted Mr. Dudley's complaint in part and denied it in part. It found that MGE

disconnected Mr. Dudley's home gas service for failure to pay his residential gas bill rather than his tenant's [1] bill. It ruled that MGE did not violate its tariff or PSC rules when it disconnected Mr. Dudley's gas service. However, it ruled that MGE did not comply with its tariff when it transferred the tenant's account to Mr. Dudley's residential account. It ordered MGE to remove $2,099.96 of the transferred account along with any resultant fees for nonpayment. Mr. Dudley and MGE both filed an application for rehearing, which PSC denied on November 9, 2004. Although Mr. Dudley sought judicial review of the PSC's decision pursuant to section 386.510,[2] his application was dismissed.

On September 19, 2006, Mr. James Dudley filed a petition alleging MGE illegally transferred his tenant's bill to his residential account, illegally disconnected his home gas service while his bill was in dispute, and negligently and recklessly acted in deciding not to follow its own tariff for gas service. He included family members who resided with him at the time as additional plaintiffs. Mr. Dudley alleged that MGE's behavior was illegal because it violated tariffs, regulations, and policies. He sought $2,000,000 for punitive damages, $2,000,000 for "neglect damages," and demanded a jury trial.

MGE filed a motion to dismiss based on several grounds. MGE alleged that the trial court lacked subject matter jurisdiction to review the petition because Mr. Dudley's claims were within the "primary jurisdiction of the Missouri Public Service Commission," pursuant to sections 386.510 through 386.550. MGE also argued the petition failed to state a claim upon which

relief can be granted and that Mr. Dudley was estopped from relitigating claims that PSC adjudicated. Finally, MGE sought dismissal of the additional plaintiffs [3] because they were in violation either of Rule 55.02, which prevents minors from bringing an action in their name, or Rule 55.03, which requires *pro se* litigants to sign the petition. The trial court ruled that the motion to dismiss was "well taken" and dismissed the petition with prejudice on May 21, 2007. On June 11, 2007, Mr. Dudley filed a Motion for Clarification of the Order/ And Ex of Time to File 74.01. He filed a Motion for Hearing on Plaintiff Motion for Clarification of the Order/ And Ex of Time to File 75.01 on July 30, 2007.

Mr. Dudley filed his notice of appeal on August 20, 2007. The trial court denied the motion for clarification and the hearing on the motion on September 4, 2007. On November 15, 2007, MGE filed a motion to dismiss the appeal because the notice of appeal was untimely, and in the alternative a motion for an extension of time. We took the motion to dismiss with the case. In its brief, MGE asks this court to dismiss the appeal because Mr. Dudley's brief violates Rule 84.04. We deny both requests.

### Jurisdiction to Review the Appeal

A notice of appeal should be filed in the circuit court within ten days after the judgment becomes final; a late filing renders the appeal ineffective. Rule 81.04(a). A judgment becomes final thirty days after its entry. Rule 81.05(a). However, if an authorized post-trial motion is timely filed, the judgment becomes final at the earlier of ninety days from the filing of the motion

---

1. MGE provided gas service to a woman at one of Mr. Dudley's rental properties, but Mr. Dudley rented the house to a different woman. Hence, the Commission labeled the woman Mr. Dudley's tenant.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

3. These were Mr. Dudley's relatives, but they are not parties on appeal.

if no ruling is made or "[i]f all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later." *Id.*

■ MGE argues that Mr. Dudley's notice of appeal was untimely filed because the judgment became final on June 20, 2007, and his motion for clarification is not an authorized after-trial motion. After reviewing the motion, we disagree. Mr. Dudley's motion closely resembles a motion to amend the judgment in that it challenges the language used by the trial court. *Blue Ridge Bank & Trust Co. v. Hart,* 152 S.W.3d 420, 425–26 (Mo.App. W.D.2005)("the motion alleged errors in the language of the judgment and, thus, qualified as a motion to amend the judgment"). A motion to amend the judgment is an authorized post-trial motion. *Id.; In re C.M.C.,* 173 S.W.3d 695, 699 (Mo.App. W.D.2005).

Contrary to MGE's contention, Mr. Dudley's motion requests the trial court to amend its judgment by asking for clarification so that he could "have a chance to argue his case with the law and not [merely] with [the court's statement that the motion to dismiss is] well taken." He further alleged that the judgment was "improper and evasive." We construe this motion liberally to raise errors of fact or law; thus, it was also a motion for reconsideration, which is considered an authorized after-trial motion. *See Hart,* 152 S.W.3d at 425–26. Mr. Dudley filed his motion for clarification on June 11, 2007, before the trial court lost jurisdiction. It was not ruled upon until September 4, 2007, after Mr. Dudley filed his notice of appeal. A notice of appeal filed prematurely is timely. *See* Rule 81.05(b). Therefore, we have jurisdiction over this appeal.

■ MGE asserts that we should dismiss the appeal because Mr. Dudley's brief violates Rule 84.04. We have discretion to dismiss appeals that do not comply with Rule 84.04. *Saidawi v. Giovanni's Little Place, Inc.,* 987 S.W.2d 501, 504 (Mo.App. E.D.1999) (citing Rule 84.08). "However, we will not exercise our discretion even where the brief is technically deficient in the respects charged unless the deficiency impedes disposition on the merits." *Id.* (citing *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo. banc 1997)). Notwithstanding the deficiencies in Mr. Dudley's brief, we review the merits of the appeal because the claims of error are readily ascertainable. *See id.*

**Standard of Review**

■ Our review of a motion to dismiss is *de novo. Moynihan v. Gunn,* 204 S.W.3d 230, 232–33 (Mo.App. E.D.2006). The trial court failed to state a basis for its dismissal so we presume it granted the motion based on the grounds alleged therein. *See id.* at 233. We can affirm under any of the grounds stated in the motion to dismiss. *Id.* "When reviewing the dismissal of a petition for failure to state a claim, appellate courts treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs." *Ste. Genevieve Sch. Dist. R–II v. Bd. of Aldermen of Ste. Genevieve,* 66 S.W.3d 6, 11 (Mo. banc 2002). A petition states a claim if it asserts "any set of facts that would, if proven, entitle the plaintiffs to relief." *Id.*

**Legal Analysis**

■ In Mr. Dudley's second and third points, he argues the circuit court improperly dismissed his petition for intentional tort or gross negligence because he stated a claim upon which relief can be granted and it was not an administrative action but a civil court action based on PSC's ruling that MGE violated its tariff for transfer-

ring the accounts for which he should be able to seek damages. Mr. Dudley's points are in response to MGE's arguments that the trial court lacked jurisdiction because the PSC has primary jurisdiction over Mr. Dudley's claim pursuant to sections 386.510 through 386.550,[4] and that Mr. Dudley failed to state a claim in his petition.

Mr. Dudley argues that the circuit court has jurisdiction because MGE's tariff grants residential customers the option to pursue appropriate legal and equitable remedies after the issuance of any informal Commission staff opinion. The Commission issued a formal opinion, so this tariff does not assist Mr. Dudley. Mr. Dudley also argues that he is allowed to seek damages based on the PSC's ruling because it was final, citing *A.C. Jacobs & Co. v. Union Electric Co.*, 17 S.W.3d 579 (Mo.App. W.D.2000), for support. We agree.

Assuming the PSC had exclusive jurisdiction over Mr. Dudley's claims,[5] the circuit court had the jurisdiction to enforce a PSC decision or acknowledge a PSC decision in a subsequent proceeding. *DeMaranville v. Fee Fee Trunk Sewer, Inc.*, 573 S.W.2d 674, 676 (Mo.App.1978). The circuit court could have determined damages based on the PSC's determination of liability and would not have violated section 386.550. *See id.; State ex rel. Pub. Water Supply Dist. No. 2 of Jackson County v. Burton*, 379 S.W.2d 593, 600 (Mo.1964). To the extent the dismissal was based on a finding of lack of jurisdiction, the circuit court erred.

■ Next, we determine whether Mr. Dudley's allegation that MGE illegally transferred accounts states a claim upon which relief can be granted. Mr. Dudley's allegations concerning the transferring of the accounts constitute a claim sounding in tort—*i.e.*, negligence. MGE argues that Mr. Dudley failed to state a claim as to the illegal transfer because he did not allege any damages resulting from the transfer. Although he alleged damages in the petition from the alleged wrongful disconnection, his petition can also be construed as claiming damages stemming from the illegal transfer.

In the portion of his petition concerning damages, Mr. Dudley states that the neglect of the defendant, including the illegal transfer, caused him and his family embarrassment and stress. He alleges "los[s] of the use of [his rental and residential properties]" and "affect on business property rentals and credit." In his request for relief, he asks for loss of wages for missing work and actual, compensatory, consequential, and punitive damages based on MGE's "willful[,] reckless[,] and neglectful actions." Whether he can demonstrate the damages based in the illegal transfer is not the issue. He did state a claim upon which relief may be granted. Thus, the trial court improperly dismissed the cause of action for illegal transferring of accounts with prejudice. Mr. Dudley's second and third points are granted.

### Conclusion

In conclusion, the trial court erred in dismissing the petition with prejudice. The judgment is reversed and remanded

---

4. Sections 386.510 through 386.540 set forth the judicial review of PSC decisions, and section 386.550 states that final PSC decisions are conclusive in all collateral actions or proceedings.

5. Trial courts have entertained similar causes of action against utility companies with no mention of a previous determination from the PSC. *See Haynam v. Laclede Elec. Coop., Inc.*, 827 S.W.2d 200, 205 (Mo. banc 1992); *Yates v. White River Valley Elec. Coop.*, 414 S.W.2d 808 (Mo.App.1967).

to the trial court to allow Mr. Dudley to amend his petition and proceed on his claim of illegal transfer of account. Moreover, if the relatives have causes of action based on this allegation, they are allowed to raise them on remand in compliance with the Missouri Rules of Civil Procedure.

JAMES M. SMART, JR., P.J., and RONALD R. HOLLIGER, concur.