■ In the Matter of ELIZABETH A. MASON, Respondent-Respondent, v CITY OF NEW YORK, Respondent, and MICHAEL STROHBEHN, Petitioner-Appellant. [889 NYS2d 24]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered on June 27, 2008, which, in a fee dispute between attorneys arising out of the settlement of an underlying action against respondent City, upon petitioner's application to compel the City to pay the full amount of the settlement to her as the underlying plaintiff's attorney, and respondent's cross petition to enforce a charging lien in the amount of $168,674.12, granted petitioner's application to the extent of directing the City to pay petitioner the full amount of the settlement less $5,250, and, insofar as appealed from, granted respondent's application only to the extent fixing his charging lien in the amount of $5,250, unanimously reversed, on the law, without costs, and the matter remanded for a hearing to determine whether respondent is entitled to be paid for his services, and, if so, the reasonable value of his services and the amount of any reimbursable expenses.

Petitioner asserts that she retained respondent to act as "co-trial counsel" for the underlying child plaintiff in a sexual abuse case (*see Anonymous v High School for Envtl. Studies*, 32 AD3d 353 [2006]), and does not dispute that in a trial on the issue of damages, respondent, among other things, conducted the voir dire, made the opening statement, conducted the direct examination of an important witness, and conducted a *Frye* hearing. Such activity made respondent an "attorney of record" prima facie entitled to a charging lien (*see Itar-Tass Russian News Agency v Russian Kurier, Inc.*, 140 F3d 442, 450-451, 452 [2d Cir 1998]), even though he was discharged by petitioner after a mistrial was declared and was not an attorney of record at the time of the settlement (*see id.* at 451, citing *Klein v Eubank*, 87 NY2d 459, 462 [1996]). A hearing is required to determine if respondent was discharged for cause, and, if not, the amount of his fee on a quantum meruit basis (*see Teichner v W & J*

*Holsteins*, 64 NY2d 977, 979 [1985]). We reject respondent's claim that the City remains liable for the full amount of any lien he may be awarded. Unlike *Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York* (302 AD2d 183, 185, 189-190 [2002]), where the City released the settlement proceeds before a final determination of the validity and amount of the outgoing attorney's charging lien, here the City disbursed the settlement funds in accordance with the trial court's order fixing the amount of respondent's lien and directing release of the remaining money to petitioner. Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.