**WALTERS BENDER STROHBEHN & VAUGHAN, P.C., Appellant,**

v.

**Elizabeth A. MASON, Respondent.**

**No. WD 71292.**

Missouri Court of Appeals, Western District.

May 18, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 2010.

Application for Transfer Denied Aug. 31, 2010.

Stephen B. Millin, Jr., Kansas City, MO, for appellant.

Bernard T. Schmitt, Kansas City, MO, for respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Walters Bender Strohbehn & Vaughan, P.C. ("the Firm") appeals the judgment of the circuit court that dismissed its Petition

based on Elizabeth Mason's ("Mason") motion to dismiss. We reverse and remand.

## Factual Background

On March 3, 2008, the Firm filed its Petition against Mason in Jackson County Circuit Court. The Petition contained four counts (breach of contract, conversion, unjust enrichment, and quantum meruit), all which related to the Firm's overarching allegation that Mason "wrongfully refused to compensate Plaintiff for legal services rendered pursuant to a fee-sharing agreement between the parties."

In October 2007, Michael Strohbehn, ("Strohbehn"), a named shareholder in the Firm, entered into a contingent fee agreement with Mason to assist Mason in representing a client in a case that was scheduled for trial in state court in New York in November 2007.[1] Mason's juvenile client had a pending suit against the city of New York on a theory of "sexual abuse." *See Mason v. City of New York*, 67 A.D.3d 475, 889 N.Y.S.2d 24 (N.Y.App.Div.2009); *see also Anonymous v. High Sch. for Envtl. Studies*, 32 A.D.3d 353, 820 N.Y.S.2d 573 (N.Y.App.Div.2006).

In November 2007, Strohbehn traveled to New York City, and assisted Mason in prosecuting her client's case at trial. It is not disputed that, among other things, Strohbehn conducted the voir dire, made the opening statement, conducted the direct examination of an important witness, and conducted a *Frye* hearing.[2] After several days of trial, a mistrial was declared by the Court. There is no allegation that the mistrial was caused by some inappropriate action by Strohbehn.

In December 2007, Mason discharged Strohbehn from the case and informed him she was terminating the fee-sharing agreement between the parties. During the retrial of this case in February 2008, Mason settled the underlying matter. Neither the Firm nor Strohbehn received any compensation for their services in the case.

The Firm subsequently filed this action against Mason, and Mason filed her Motion to Stay Or In The Alternative Dismiss. In her Motion, Mason alleged that Strohbehn had pursued litigation in New York in order to be compensated for his attorney's fees stemming from the underlying case. Various supporting documentation was attached to the motion in order to support Mason's theory that the instant Petition was barred by the doctrine of res judicata.

On June 18, 2009, the circuit court issued its judgment granting Mason's motion to dismiss and dismissing the Firm's Petition without prejudice. In so ruling, the trial court did not elaborate as to its reasoning.

## Jurisdiction

■ At the outset, we must determine whether we have jurisdiction over the instant appeal. Mason argues that this Court does not have jurisdiction over the appeal because the trial court dismissed the petition without prejudice. We disagree.

■ "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *White v. White*, 293 S.W.3d 1, 7 (Mo.App. W.D.2009) (internal quotation marks omitted). "An exception to this

---

1. The details relating to this agreement are not outlined herein because they are not relevant to our disposition on appeal. Specifically, we take no view as to whether this agreement involved Strohbehn, the Firm, or both entities.

2. *Frye v. United States*, 293 F. 1013 (D.C.Cir. 1923).

general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form presented by the plaintiff." *State ex rel. Nixon v. Smith,* 280 S.W.3d 761, 765 (Mo. App. W.D.2009) (internal quotation marks omitted). "If the dismissal was such that a refilling of the petition at that time would be a futile act, then the order of dismissal is appealable." *Id.* (internal quotation marks omitted). "[W]hen the effect of the order is to dismiss the plaintiff's action and not the pleading merely, then the judgment entered is final and appealable because the dismissal amounts to an adjudication on the merits." *White,* 293 S.W.3d at 7 (internal quotation marks omitted).

"[D]ismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, *theories of estoppel,* a plaintiff's lack of standing, failure of the petition to state a claim where the plaintiff chose not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the plaintiff's claims not being covered by the statute upon which the petition was based." *Doe v. Visionaire Corp.,* 13 S.W.3d 674, 676 (Mo.App. E.D.2000) (emphasis added). "This train of exceptions serves to preserve to a plaintiff rights that otherwise would be lost from a dismissal, which, although without prejudice, becomes *res judicata* of what that judgment actually decides." *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991).

The trial court, in this case, did not indicate the reasoning for its dismissal of the Petition. Where the trial court does not state a basis for dismissal, we presume it was based on the grounds alleged in the motion to dismiss, and we will affirm if the dismissal is proper under any of the grounds stated in the motion. *Dudley v. S. Union Co.,* 261 S.W.3d 598, 601 (Mo. App. W.D.2008). Mason moved to dismiss the Petition based on her sole assertion that the Firm already sought and obtained judicial relief pertaining to its attorney's fees on the same facts in New York, and therefore the instant litigation was barred by the doctrine of res judicata.

We have previously held that an estoppel theory "has the practical effect of terminating the action in the form cast," thus providing this Court with jurisdiction to hear this appeal. *Shores v. Express Lending Servs., Inc.,* 998 S.W.2d 122, 125 (Mo. App. E.D.1999). Mason, in arguing that jurisdiction is improper, states that the trial court did not err in dismissing the petition and that therefore "the Trial Court's decision did not result in prejudice to the Appellant's rights." But this argument touches on the *merits* of the appeal, not our authority to review the decision. Therefore, we conclude that review properly lies in this Court.

## Analysis

In Point One, the Firm argues that the trial court erred in dismissing its Petition because the evidence to support the affirmative defenses of res judicata, collateral estoppel, action splitting, abatement and/or comity were matters outside the pleadings and the trial court is prohibited from looking outside the pleadings on a motion to dismiss.

Mason's motion to dismiss argued that the Petition should be dismissed because "Missouri Courts must give Full Faith and Credit to a foreign jurisdiction's judgment" and that "a forum state must give the final judgment of a sister state at least the same res judicata effect as the judgment would be given in the sister state." The following principles pertain to the doctrine of res judicata:

The doctrine of *res judicata* operates to bar any claim that was previously litigated between the same parties or those in privity with them. The defense precludes consideration of issues decided in the prior lawsuit, as well as those issues that the parties could have brought into the case at that time. *Res judicata* is applicable upon "the concurrence of four elements: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made."

*Spath v. Norris*, 281 S.W.3d 346, 350 (Mo. App. W.D.2009) (citations omitted).

## A. The Motion to Dismiss "Converted" to a Summary Judgment Motion

Here, there can be no doubt that Mason, in filing her motion to dismiss, submitted exhibits outside of the pleadings for the court's consideration. Specifically, attached to the Motion to Dismiss were: (1) Mason's affidavit regarding the New York litigation, (2) Exhibit A (a pleading filed by Strohbehn in New York requesting a "charging lien"), (3) Exhibit B (Strohbehn's affidavit that was filed in New York in support of his "charging lien" request), (4) Exhibit C (a thirty-four page transcript of the court proceedings in New York pertaining to the "charging lien" request), (5) Exhibit D (the Court's order pertaining to the "charging lien" request), and (6) Exhibit E (Notice of Appeal filed in New York by Strohbehn).

■ "In ruling on a motion to dismiss, the trial court can only consider the pleadings, and appellate review is also limited to the pleadings." *L.C. Dev. Co. v. Lincoln County*, 26 S.W.3d 336, 339 (Mo.App. E.D.

2000). Rule 55.27(a)[3] allows the trial court to transform a motion to dismiss into a motion for summary judgment when the parties submit for the court's consideration matters outside of the pleadings. *Weems v. Montgomery*, 126 S.W.3d 479, 482 (Mo. App. W.D.2004). Rule 55.27(a) states, in pertinent part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04. All parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

■ "While not expressly stated in [Rule 55.27(a)], defenses of res judicata and issue preclusion are in essence defenses alleging the plaintiff has failed to state a claim upon which relief may be granted." *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 498 (Mo. banc 1991). "Such defenses may succeed only if uncontroverted facts demonstrate the present suit is groundless." *Id.* at 498–99.

The Eastern District recently summarized the relevant process pertaining to when matters outside the pleadings are attached to a motion to dismiss:

While a trial court is not permitted to review matters outside the pleadings in ruling on a motion to dismiss, its hands are not entirely tied in this respect. Missouri Supreme Court Rule 55.27(a) allows trial courts to treat a motion to dismiss for failure to state a claim as a motion for summary judgment when the moving party includes matters outside

**3.** Unless otherwise indicated, all rule references are to the Missouri Court Rules (2010).

the petition for the court's consideration. While the language of the Rule limits this "conversion" to motions to dismiss for failure to state a claim upon which relief can be granted, our courts have also endorsed converting a motion to dismiss into a motion for summary judgment when the motion to dismiss is based on an affirmative defense. *Before a trial court may treat a motion to dismiss as a motion for summary judgment, however, it must notify the parties that it is going to do so and give the parties an opportunity to present all materials pertinent to a motion for summary judgment.* Grellner v. Foremost Signature Ins. Co., 291 S.W.3d 351, 353–54 (Mo.App. E.D. 2009) (emphasis added) (citations omitted).

As previously mentioned, in granting the motion to dismiss, the trial court provided no grounds for its dismissal, and therefore we presume it was based on the grounds alleged in the motion to dismiss. *Dudley,* 261 S.W.3d at 601. Because the sole argument in Mason's motion to dismiss was grounded on the theory that the Firm's petition for relief was barred by the New York litigation, it is evident that the trial court was required to rely on Mason's exhibits which were outside the pleadings. Without the evidentiary support provided by the attached exhibits for Mason's argument that the New York litigation was substantially identical to the instant lawsuit and therefore precluded this litigation, the trial court was without a basis to grant the motion to dismiss. *Eaton v. Mallinckrodt, Inc.,* 224 S.W.3d 596, 602 (Mo. banc 2007).

Accordingly, we must treat the instant motion as if it were a motion for summary judgment.

## B. The Firm Received No Notice That The Motion Would Be Treated As One For Summary Judgment

 Prior to ruling on Mason's motion, it is undisputed that the trial court provided no notice to either party that it was treating the motion to dismiss as a summary judgment motion. When the opposing party does "not acquiesce in treating the motion as one for summary judgment," the trial court's failure to provide such notice requires reversal. *Gregg v. City of Kansas City,* 272 S.W.3d 353, 363–64 (Mo.App. W.D.2008); *see also Grellner,* 291 S.W.3d at 354.

In this case there is an issue as to whether the New York litigation precluded the Firm from bringing the instant litigation. The Firm argues on appeal that, if given the opportunity, it will be able to "controvert[ ] the assertions in Mason's affidavit and providing other documents and records demonstrating the inapplicability of the affirmative defenses predicated on the New York Special Proceeding." While the Firm is vague as to what these documents are and how they will support its contention that Mason's summary judgment motion should be denied, we nonetheless believe that we are required as a matter of law to remand this matter to afford them such an opportunity for the aforementioned reasons.[4]

The Firm was not provided notice that the trial court intended to transform the motion to dismiss into a motion for summary judgment, and the Firm expressly requested from the Trial Court "the opportunity to respond as if this was a motion for summary judgment" if the Court considered the matters outside the pleadings.

---

**4.** In so ruling, we expressly refrain from delving into the merits of this res judicata issue precisely because it is not yet ripe for consideration since both parties have not had a full and fair opportunity to present evidence and related arguments pertaining thereto.

Accordingly, while a party may "acquiesce" to a motion to dismiss converting to a summary judgment motion, we do not believe that this is such a case. *See King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 499 (Mo. banc 1991); *see also Shores v. Express Lending Servs., Inc.,* 998 S.W.2d 122, 125–26 (Mo. App. E.D.1999).

 Here, the Firm had a reasonable basis pursuant to Missouri law to believe that it would be given an opportunity to present evidence and argument to the Court, if Mason's motion was to be treated as a summary judgment motion.[5] Indeed, the Missouri Supreme Court has made clear in an analogous situation pertaining to a motion for judgment on the pleadings that a judgment granting summary judgment cannot stand if the trial court fails to give "'all parties ... a reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04.'" *Eaton,* 224 S.W.3d at 601. "Great caution must be exercised in granting summary judgment because it is an extreme and drastic remedy that borders on denial of due process in that the opposing party is denied its day in court." *Ross v. Am. Tel. & Tel. Commc'ns Corp.,* 836 S.W.2d 952, 954 (Mo.App. W.D.1992). For all of these reasons, we reverse and remand with directions to the trial court to allow Mason to re-file her motion in compliance with Missouri Supreme Court Rule 74.04(c), governing summary judgment, and to order the Firm to follow the requirements of Rule 74.04 as well.

**Conclusion**

The judgment of the circuit court, dismissing the Firm's Petition, is reversed and remanded.[6]

All concur.

---

5. Shortly after Mason filed its motion to dismiss, the trial court entered a Notice of Case Management Conference to be held on July 13, 2009. For whatever reason, only ten days later the trial court then entered its judgment disposing of the Firm's lawsuit and thus canceling the case management conference.

6. Because the Firm's first Point Relied On is dispositive of this appeal, we need not turn to the merits of its second and third points.