Upfront Megatainment, Inc. v Thiam (2023 NY Slip Op 03428)

Upfront Megatainment, Inc. v Thiam

2023 NY Slip Op 03428

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 652156/21 Appeal No. 543 Case No. 2022-05219 

[*1]Upfront Megatainment, Inc., Formerly Known as Upfront Entertainment, Inc., et al., Plaintiffs-Respondents,
v
Aliaune Thiam Also Known as Akon, Defendant. Napoli Shkolnik PLLC, Nonparty Appellant.

Napoli Shkolnik PLLC, Melville (Brett S. Bustamante of counsel), for appellant.
Mitchell Silberberg & Knupp LLP, New York (Jeffrey M. Movit of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 3, 2022, which granted plaintiffs' motion to vacate nonparty Napoli Shkolnik PLLC's charging lien, unanimously reversed, on the law, with costs, the motion denied, the lien reinstated, and the matter remanded for an evidentiary hearing on whether the Napoli firm was terminated for cause.
The Napoli firm established prima facie that it was entitled to a charging lien under Judiciary Law § 475 (see Matter of Mason v City of New York, 67 AD3d 475, 475 [1st Dept 2009]). Although the firm did not represent plaintiffs in this action, no party disputes that it was retained to negotiate the settlement agreement on which the action is based, and that its retainer agreement with plaintiffs entitled it to payments "for any amounts recovered" under the settlement agreement (see id.). The record also fails to show a clear intention by the Napoli firm to relinquish its contractual right to attorneys' fees under the settlement agreement (see Fundamental Portfolio Advisers, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104-105 [2006]).
Furthermore, a law firm's right to enforce a charging lien under Judiciary Law § 475 is not forfeited in a case where the firm's representation is discontinued by mutual consent for reasons not rising to the level of misconduct or just cause (Klein v Eubank, 87 NY2d 459, 463 [1996]). Thus, the issue of whether the Napoli firm was terminated for cause requires credibility determinations and fact-finding that warrant an evidentiary hearing (see Mason, 67 AD3d at 475-476; Genton v Arpeggio Rest., Inc., 232 AD2d 274, 275 [1st Dept 1996]), as none of the purported omissions that plaintiffs allege as a basis for terminating the firm's services constitute cause to discharge an attorney as a matter of law (see Friedman v Park Cake, Inc., 34 AD3d 286, 287 [1st Dept 2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023